**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:20-cv-01872**

ANGELA D. BELCHER,

    Plaintiff,

v.

I.Q. DATA INTERNATIONAL, INC.

    Defendant.

_____/

**COMPLAINT**

NOW COMES Plaintiff, ANGELA D. BELCHER, through undersigned counsel, complaining of Defendant, I.Q. DATA INTERNATIONAL, INC., as follows:

**NATURE OF THE ACTION**

1. This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*. and the Florida Consumer Collection Practices Act (the "CCPA"), Fla. Stat. § 559.55 *et seq*.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

5. ANGELA D. BELCHER ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Tampa, Florida.

1

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8).

8. I.Q. DATA INTERNATIONAL, INC. ("I.Q. Data") is a corporation organized and existing under the laws of the state of Washington.

9. I.Q. Data maintains a principal place of business at 21222 30th Drive SE, Suite 120, Bothell, Washington 98021.

10. I.Q. Data is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

11. I.Q. Data uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

12. I.Q. Data is a "debt collector" as defined by Fla. Stat. § 559.55(7).

## FACTUAL ALLEGATIONS

13. Plaintiff signed a lease to rent an apartment.

14. Several months ago, Plaintiff decided to terminate her lease early.

15. Plaintiff left an account balance after her security deposit was applied to the balance.

16. Plaintiff was led to believe this balance was about $1,200.00.

17. This balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. This balance is a "consumer debt" as defined by Fla. Stat. § 559.55(6).

19. This balance is a "debt" as defined by Fla. Stat. § 559.55(6).

20. Plaintiff's balance was referred for collection.

21. On February 11, 2020, Plaintiff received an Experian® alert.

22. Plaintiff discovered that I.Q. Data "flagged [her] account as Collections."

23. Moreover, Plaintiff discovered that I.Q. Data reported Plaintiff's balance as $5,516.00.

24. Plaintiff phoned I.Q. Data and disputed that she owed the $5,516.00 amount reported.

25. Plaintiff informed I.Q. Data that she was retaining an attorney.

26. I.Q. Data's representative laughed at Plaintiff then told Plaintiff that she can not afford an attorney.

27. Offended, Plaintiff requested to talk with this representative's manager.

28. Ignoring Plaintiff's request, I.Q. Data's representative demanded immediate payment causing Plaintiff to hang up.

29. To date, Plaintiff has not received anything in writing from I.Q. Data regarding this debt.

30. I.Q. Data's failure to advise Plaintiff – *in writing* – deprived Plaintiff notice of Plaintiff's rights under the law.

31. I.Q. Data's unlawful collection practices were demeaning and humiliating.

32. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate her rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

33. Paragraphs 13 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692d**

34. Section 1692d provides:

[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

15 U.S.C. § 1692d.

35. I.Q. Data violated 15 U.S.C. § 1692d by laughing at Plaintiff.

36. I.Q. Data violated 15 U.S.C. § 1692d by saying Plaintiff "cannot afford an attorney."

37. I.Q. Data's conduct was demeaning, humiliating and oppressive.

## Violation(s) of 15 U.S.C. § 1692e

38. Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of –

(A) the character, amount, or legal status of any debt.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. Stating an incorrect amount of the debt undeniably violates section 1692e(2)(A).

*See McDermott v. Marcus, Errico, Emmer & Brooks, P.C.,* 911 F. Supp. 2d 1, 59 (D. Mass. 2012); *Hepsen v. Resurgent Capital Services, LP*, 383 Fed. Appx. 877, 2010 WL 2490734, at *3 (11th Cir. 2010).

40. I.Q. Data violated 15 U.S.C. §§ 1692e(2)(A) and e(10) by stating an incorrect amount owed.

41. I.Q. Data violated 15 U.S.C. § 1692e(8) by communicating credit information to Experian which is known to be false.

**Violation(s) of 15 U.S.C. § 1692g**

42. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

   (1) the amount of the debt;

   (2) the name of the creditor to whom the debt is owed;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

43. The disclosures set forth in 15 U.S.C. § 1692g(a), frequently referred to as the "validation notice," are required in the initial communications of all debt collection attempts.

44. The validation notice provisions were included by Congress to ensure that consumers would receive notice of their legal rights.

45. I.Q. Data violated 15 U.S.C. § 1692g(a) by failing to include the mandatory validation notice as required by 15 U.S.C. § 1692g(a).

43. Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692d, e(2)(A), e(8), e(10) and g(a), pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that I.Q. Data violated 15 U.S.C. §§ 1692d, e(2)(A), e(8), e(10) and g(a);

B. an award of any actual damages sustained by Plaintiff as a result of I.Q. Data's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## COUNT II:
**Florida Consumer Collection Practices Act (Fla. Stat. § 559.55 *et seq*.)**

47. Paragraphs 13 through 32 of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of Fla. Stat. § 559.72**

48. Subsection 559.72(7) of the CCPA provides:

In collecting consumer debts, no person shall:

> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

49. I.Q. Data violated Fla. Stat. § 559.72(7) by laughing at Plaintiff.

50. I.Q. Data violated Fla. Stat. § 559.72(7) by saying Plaintiff "cannot afford an attorney."

51. I.Q. Data's conduct was abusive, demeaning and humiliating to Plaintiff.

52. Plaintiff may enforce the provisions of Fla. Stat. § 559.72(7) pursuant to Fla. Stat. § 559.77(2) which provides:

> Any person who fails to comply with any provision of s. 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that I.Q. Data violated Fla. Stat. § 559.72(7);

B. an award of actual damages sustained by Plaintiffs as a result of I.Q. Data's violation(s);

C. an award of additional statutory damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of court costs and reasonable attorney's fees incurred by Plaintiff; and

E.      an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: August 11, 2020                              Respectfully submitted,

                                                        **ANGELA D. BELCHER**

                                                        By: *Alexander J. Taylor*

                                                        Alexander J. Taylor, Esq.
                                                        Florida Bar No. 1013947
                                                        SULAIMAN LAW GROUP, LTD.
                                                        2500 South Highland Avenue
                                                        Suite 200
                                                        Lombard, Illinois 60148
                                                        +1 630-575-8181
                                                        ataylor@sulaimanlaw.com